IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | }<br>}<br>} |
| Plaintiff, | } CIVIL ACTION NO.<br>}<br>} |
| v. | } COMPLAINT<br>} |
| LOWE'S COMPANIES, INC. | }<br>} **JURY TRIAL DEMANDED**<br>} |
| Defendant. | } |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Alan Richards, who was adversely affected by such practices. As pled with greater particularity in paragraphs 12-17 below, the Equal Employment Opportunity Commission alleges that Defendant, Lowe's Companies, Inc., failed or refused to provide a reasonable accommodation to Alan Richards, an otherwise qualified individual with a disability, resulting in his demotion to a lower-paying position.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Lowe's Companies, Inc. ("Defendant") has continuously been doing business in cities across the State of Texas and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Alan Richards filed a charge with the Commission alleging a violation of Title I of the ADA by the Defendant.

8. On July 14, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On September 14, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least June 2015, Defendant has engaged in unlawful employment practices at its Cleburne, Texas location, in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b), by failing or refusing to provide Alan Richards with a reasonable accommodation, resulting in his demotion from Department Manager to Customer Service Associate, a lower-paying position

13. Alan Richards is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Mr. Richards has an impairment, spinal cord injury with Brachial Plexus Avulsion, that substantially limits him in the use of his right arm.

14. Mr. Richards was hired by the Defendant in May 2006 as a Customer Service Associate at Store #2220 in Cleburne, Texas. In February 2008, Mr. Richards was promoted to Manager of the Product Service Department. In approximately February 2012, Mr. Richards

moved to the position of Manager in the Tools and Hardware department. In October 2012, Mr. Richards moved back to the Manager position in the Product Service Department.

15. Because of his disability, Mr. Richards is unable to operate certain pieces of power equipment that require the use of two hands: the Order Picker, Forklift, and Narrow Aisle Forklift. During his time as Department Manager, he delegated the use of this equipment to the Customer Service Associates in the Product Service Department under his supervision.

16. In November 2014, after 8 years of employment with the company, Mr. Richards was asked by his supervisor to submit a formal request for accommodation of his disability to address operation of the power equipment. Mr. Richards submitted the written request in early January 2015 and Defendant approved it through July 2015 pending a final determination.

17. In late June 2015, Mr. Richards was notified by the Store Manager that the Defendant would no longer provide an accommodation to Mr. Richards that would allow him to stay in his Department Manager position.  Defendant demoted Mr. Richards to a Customer Service Associate IV position, which resulted not only in the loss of his management authority, but also in a decrease in Mr. Richards' hourly rate of pay.

18. The effect of the practices complained of in paragraphs 12-17, above, has been to deprive Alan Richards of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

19. The unlawful employment practices complained of in paragraphs 12-17 were intentional.

20. The unlawful employment practices complained of in paragraphs 12-17 above were done with malice or with reckless indifference to the federally protected rights of Alan Richards.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from engaging in any employment practice which discriminates on the basis of disability.

B.  Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order the Defendant to make whole Alan Richards, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement to his Manager position or full front pay and benefits in lieu thereof.

D.  Order the Defendant to make Alan Richards whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to his retirement contributions and any other benefits lost as a result of the demotion.

E.  Order the Defendant to make Alan Richards whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, humiliation, emotional pain and suffering, stress, and inconvenience, in amounts to be determined at trial.

F.  Order the Defendant to pay Alan Richards punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/ Meaghan L. Shepard
MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No nos. assigned)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2746
(FAX) (214) 253-2749