IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> LOWE'S COMPANIES, INC. </br></br> Defendant. | CIVIL ACTION NO. </br></br> 3:17-CV-02589-M |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between Plaintiff, the United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), and Defendant, Lowe's Home Centers, LLC, incorrectly identified as Lowe's Companies, Inc. ("Lowe's" or "Defendant") (collectively, the "Parties").[1] This Consent Decree resolves the claims of Plaintiff in the above-referenced Civil Action No. 3:17-CV-02589-M (the "Complaint"). The EEOC initiated its lawsuit under Title I of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Alan Richards ("Charging Party" or "Mr. Richards"), who was allegedly adversely affected by such alleged practices. More specifically, Plaintiff filed this lawsuit alleging that Defendant failed or refused to provide Mr. Richards, a

---

[1] Lowe's Companies, Inc. is not the proper defendant. Richards is presently employed by Lowe's Home Centers, LLC and has been employed by Lowe's Home Centers, LLC, or its predecessor, Lowe's Home Centers, Inc., at all relevant times throughout his employment. Richards has never been employed by Lowe's Companies, Inc. Accordingly, the only proper defendant is Lowe's Home Centers, LLC, a North Carolina LLC, headquartered in Wilkesboro, North Carolina.

qualified individual with a disability, with a reasonable accommodation, resulting in his demotion to a lower-paying position.

The EEOC and Defendant agree to compromise and settle the differences embodied in the Complaint and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction of the subject matter of this action and the Parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. The Complaint states claims which, if proved, would authorize this Court to grant relief against Defendant.

2. This Consent Decree resolves all issues raised in the Complaint and Plaintiff waives further litigation of all issues raised in the Complaint. The EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.

3. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are permanently enjoined from any employment practice that discriminates on the basis of disability with respect to recruitment, reasonable accommodation, hiring, termination, or any other employment action. Defendant further agrees not to retaliate in any way against any person who opposes any practice declared unlawful under the ADA or because the person files a charge, testifies, assists or participates in any manner in any investigation, proceeding, or hearing.

4. The duration of this Consent Decree shall be three (3) years from its effective date. The effective date of this Consent Decree will be the date when it is signed and filed by the Court. This Court shall retain jurisdiction of this action for the duration of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree. Any violation of this Consent Decree by Defendant and/or its officers, employees, servants, successors, or assigns shall toll the running of this 3-year period as of the date of the violation.

5. Defendant agrees to pay to Mr. Richards the full and final sum of $55,000 in compromise and satisfaction of all claims. The Parties agree that $23,489.86 is designated as lost wages and Defendant shall issue a W-2 to Mr. Richards for that amount. A 1099 shall issue to Mr. Richards for the remainder. Payment shall be mailed directly to Mr. Richards at the address provided to Defendant by the EEOC. A copy of the settlement checks and any accompanying transmittal documents will be forwarded to the EEOC to the attention of Meaghan Kuelbs, Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, TX 75202.

6. The payments referenced in Paragraph 5 shall be made within 30 days after the effective date of this Consent Decree. Defendant agrees to report to the EEOC within 30 days of entry of this Consent Decree regarding its compliance with this Paragraph.

7. Defendant agrees to increase Mr. Richards's hourly rate of pay to $18.10/hour and to place Mr. Richards on a fixed schedule of Monday-Friday, 8 am-5 pm. Both the hourly rate of pay and the fixed schedule will become effective within 14 days after the effective date of this Consent Decree. The hourly rate will not decrease during Mr. Richards's employment with Lowe's unless Mr. Richards accepts a voluntary demotion into a position with a lower salary grade. Mr. Richards' salary may be increased if his position changes or the salary range for the

position is increased to beyond $18.10/hour and he is otherwise eligible for an increase. The schedule shall be changed only by written agreement of Mr. Richards. Defendant agrees to report to the EEOC within 30 days of entry of this Consent Decree regarding its compliance with this Paragraph. Defendant also agrees to report to the EEOC 14 days before any action is taken to change Mr. Richards's pay or schedule.

8. Defendant shall post the Notice attached to this Consent Decree as "Exhibit A" regarding Defendant's policy against disability discrimination and Defendant's duty to accommodate applicants and employees. A copy of Exhibit A shall be displayed at Store 2220 where notices to employees are posted in the ordinary course of business. The Notice shall be posted within ten (10) days of the effective date of this Consent Decree and shall remain posted for the duration of this Consent Decree.

9. For each year that the Consent Decree is in effect, Defendant agrees to conduct an annual training session for all non-management and non-Human Resources ("HR") employees working at Store 2220, advising the employees of the requirements and prohibitions of the ADA, the details of Lowe's policy on disability discrimination and reasonable accommodation, and Lowe's procedure for reporting complaints of discrimination. This training shall include a description of Lowe's policy on handling requests for reasonable accommodations for applicants and employees, the persons who should be notified when such requests are made, and the time frame in which such requests should be processed.

10. All Lowe's management employees and HR personnel responsible for providing HR assistance to Store 2220 will receive this training in a separate session within ninety (90) days of the date this Consent Decree is signed and filed by the Court. In addition to the topics specified above, the training for Lowe's management employees and HR personnel will include

a specific discussion relating to the factors to be considered when handling a request for reasonable accommodation and the steps to be taken as a part of that assessment. This discussion should highlight the availability of job restructuring as a reasonable accommodation, as well as the responsibility of the company to look for a position that is equivalent in terms of pay, status and other relevant factors (for which the employee is qualified) if it is determined that reassignment is the only viable accommodation for an employee. New employees will receive this training within the first sixty (60) days of their date of hire.

11. Within thirty (30) days of the completion of the training described in Paragraphs 9 and 10, Defendant shall send the EEOC a written verification that the training was completed and a copy of the training materials used.

12. Defendant's online training system will generate a date/time stamp confirming when each employee completes the training. Defendant will provide the EEOC with a copy of the online training date/time stamp confirmation for each employee who completes the training within thirty (30) days of each annual training completion date.

13. Defendant will, within thirty (30) days of the effective date of this Consent Decree, send a written report to the EEOC confirming that Exhibit A was posted in compliance with this Consent Decree.

14. Plaintiff shall have the right to ensure compliance with the terms of this Consent Decree, and may (a) conduct inspections of Defendant's facilities, (b) interview Defendant's employees and, (c) examine and copy relevant documents.

15. If Defendant fails to tender payment or otherwise fails to comply timely with the terms of the paragraphs above, Defendant shall, as applicable:

    a.    Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

    b.    Bear any additional costs incurred by the EEOC caused by Defendant's non-compliance or delay.

16.    All reports to the EEOC required by this Consent Decree shall be sent to Meaghan Kuelbs, Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, TX 75202.

17.    The terms of this Consent Decree shall be binding upon the EEOC and upon Defendant, its agents, officers, employees, servants, successors, and assigns.

18.    Neither the EEOC nor Defendant shall contest the validity of this Consent Decree, nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms, nor the right of either Party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such Party. Nothing in this Consent Decree shall be construed to preclude the EEOC from enforcing this Consent Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court for the Northern District of Texas Dallas Division. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Consent Decree.

19.    Each Party shall bear its own costs, including attorneys' fees incurred in this action.

AGREED AS TO FORM AND SUBSTANCE:

FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

JAMES LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

/S/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/S/Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/S/Meaghan L. Kuelbs
MEAGHAN L. KUELBS
Sr. Trial Attorney
Texas State Bar No. 24105277

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (214) 253-2746
(FAX) (214) 253-2749


FOR THE DEFENDANT LOWE'S HOME CENTERS, LLC

/S/Alan J. Marcuis
Alan J. Marcuis
State Bar No. 24007601

HUNTON & WILLIAMS LLP
1445 Ross Ave., Ste. 3700
Dallas, Texas 75202
Tel No. 214.979.3060

7

SO ORDERED.

Signed this 26 day of January, 2018.

_____
HON. BARBARA M.G. LYNN
CHIEF JUDGE

# Attachment A

### NOTICE TO ALL EMPLOYEES

**THIS NOTICE WILL BE CONSPICUOUSLY POSTED FOR A PERIOD OF THREE (3) YEARS AT THIS FACILITY AND IN ALL PLACES WHERE EMPLOYMENT NOTICES ARE POSTED. IT MUST NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL.**

This Notice is being posted pursuant to a Consent Decree entered into between Lowe's Home Centers, LLC ("Lowe's") and the Equal Employment Opportunity Commission ("EEOC"), based upon a lawsuit alleging disability discrimination under the Americans with Disabilities Act as amended ("ADA").

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and over) or disability, with respect to hiring, promotion, firing, compensation, accommodation or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against any employee who files a charge of discrimination, or who cooperates with the government's investigation of a charge.

An employer cannot discriminate against qualified applicants and employees on the basis of disability. Under the ADA, an <u>individual with a disability</u> is a person who has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of an impairment or (c) is regarded as having such an impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability. This prohibition covers all aspects of the employment process, including:

* application          * promotion
* testing              * medical examinations
* hiring               * layoff/recall
* assignments          * termination
* evaluation           * compensation
* disciplinary actions * leave

Further, under the ADA, an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless it can show that the accommodation would cause an undue hardship on the operation of its business. Some examples of reasonable accommodation include:

- Making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- Job restructuring;
- Modifying work schedules;

9

- Reassignment to a vacant position;
- Acquiring or modifying equipment or devices; and,
- Providing qualified readers or sign language interpreters.

An employee with a disability who is returning from a medical leave of absence related to his/her disability is also entitled to reasonable accommodation upon his/her return, if reasonable accommodation(s) would allow that employee to perform the essential functions of the position.

An employee has—and is encouraged to exercise—the right to report allegations of discrimination in the workplace. An employee may do so by using Lowe's discrimination and harassment Reporting Procedures reprinted below. (These Reporting Procedures are also available in Lowe's Equal Employment Opportunity Policy).

Reporting Procedures

I.   Any employee who believes they have been subject to, have witnessed, or are aware of discrimination or harassment of or by an employee, applicant, customer, vendor, contractor, or any other individual or entity who is in a business relationship with the Company is strongly encouraged to report the incident. Employees can report discrimination, harassment, or retaliation verbally or in writing by any of the following methods:

   A.   Directly to their immediate supervisor/manager, any member of management at or associated with their location.

   B.   Their store, location, Area, Regional, or Corporate Human Resources representative.

   C.   By contacting Employee Relations at employeerelations@lowes.com.

   D.   By contacting the Ethics Point compliance hotline by phone at 1-800-784-9592; or by accessing www.ethicspoint.com.

II.   Supervisors and managers must report any complaints or misconduct under this policy promptly to a designated company representative including but not limited to a member of management at or associated with their location, or their Human Resources representative for further action. Upon receipt, Human Resources must promptly forward any complaint of discrimination, harassment, or retaliation to the Employee Relations Team for investigation and resolution.

Confidentiality

10

All reports will be investigated promptly and thoroughly by the Employee Relations Team and in as confidential a manner as possible. Information will be disclosed only on a need-to-know basis for the purpose of investigating and resolving the complaint. If it is determined that harassment or discrimination has occurred, appropriate disciplinary action will be taken against the offending party, up to and including termination of employment.

Alternatively and/or in addition to using Lowe's discrimination and harassment Reporting Procedures, an employee may contact the EEOC to file a charge of employment discrimination. The address and telephone number of the nearest EEOC office is 207 South Houston Street, Third Floor, Dallas, Texas 75202; (214) 253-2700.

Any report of discrimination will be thoroughly investigated, with appropriate disciplinary action, up to and including termination, to be taken against any person(s) found to have engaged in such conduct.

THIS NOTICE WILL REMAIN POSTED FOR A PERIOD OF THREE (3) YEARS AND SHALL NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL.

_____          _____
Date                          Lowe's Home Centers, LLC